The STATE of Ohio, Appellee,

v.

BERG, Appellant.*

[Cite as State v. Berg (1995), 106 Ohio App.3d 596.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16-95-4.

Decided Sept. 28, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 75 Ohio St.3d 1412, 661 N.E.2d 759.

*Richard A. Grafmiller,* City Prosecutor, for appellee.

*Muldoon & Ferris* and *David A. Ferris,* for appellant.

SHAW, Judge.

Defendant-appellant, James R. Berg, appeals from the judgment of the Upper Sandusky Municipal Court, Wyandot County, convicting him of a Public Utilities Commission of Ohio ("PUCO") rule violation under R.C. 4921.32.

On February 14, 1995, PUCO investigator Jill Fox observed the defendant operating a commercial vehicle and stopped him in Wyandot County for a safety inspection. According to the investigator's testimony at trial, she asked to see the defendant's bill of lading, which she testified showed that the defendant was transporting from Mt. Vernon, Ohio, for Aerial Corporation to "AMT," a Monroe, Michigan consignee. The PUCO investigator determined that the defendant was making an interstate move for hire based upon the bill of lading and a conversation with the defendant in which, the investigator testified, the defendant confirmed the Michigan destination. Investigator Fox asked defendant if he had a single state insurance registration receipt ("SSRS" receipt) from the PUCO, but defendant did not have one. Such registration implements a national system of registering the insurance coverage of a motor carrier in the state in which the carrier's principal place of business is located. Ohio Adm.Code 4901:2–15–01(G). The investigator thereafter issued a citation to the defendant for failure to maintain an SSRS registration receipt in vehicle at time of inspection, Ohio Adm.Code 4901:2–15–05(E), in violation of R.C. 4921.32.

While the defendant's testimony confirmed the information on the bill of lading as stated by the investigator, the defendant further testified that he was a truck driver for Utica Transport and that he had explained to the inspector that he was transporting cylinders from Mt. Vernon, Ohio, to Toledo, Ohio, where they would be treated and thereafter soon transported to the Michigan destination. According to the defendant, the cylinders would be brought back to Toledo where he

would return two days later to pick them up and then transport them back to Mount Vernon.

The defendant pled not guilty to the PUCO rule violation and following a bench trial, the court found defendant guilty. Defendant was fined $192 plus costs.

■ For his sole assignment of error, defendant asserts:

"The trial court erred in its finding that the State met its burden of proof and in its denial of defendant-appell[ant's] motion to dismiss this action."

In support of his assignment of error, the defendant asserts that his portion of the transportation of the cylinders from Mt. Vernon to Toledo was wholly intrastate and therefore he was not required to hold Interstate Commerce Commission ("ICC") operating authority. As an intrastate carrier, defendant claims he was not required to maintain a "SSRS" registration receipt in the motor vehicle pursuant to Ohio Adm.Code 4901:2–15–05(E), which only applies to motor carriers holding ICC authority. In response, the state argues that there was sufficient evidence to support the trial court's conviction and further that the essential character of the movement of the cylinders was interstate commerce.

Ohio Adm.Code Chapter 4901:2–15, entitled "Registration of Interstate Motor Carriers Operating Under Authority Issued by the Interstate Commerce Commission," defines a "motor carrier" in Section 2–15–01(D) as a person "authorized to engage in the transportation of passengers or property, as a common or contract carrier, in interstate or foreign commerce, under the authority of the interstate commerce commission." A motor carrier that maintains its principal place of business in Ohio, while holding an ICC certificate to transport property, is required to register annually with the PUCO under the state single state insurance system. Ohio Adm.Code 4901:2–15–02(B).

Upon compliance with the registration and fee requirements of Ohio Adm.Code Chapter 4901:2–15, the carrier shall be issued a receipt by the PUCO or by another state participating in the single state insurance system indicating that the carrier has filed the required proof of insurance and paid fees in accordance with this chapter. Ohio Adm.Code 4901:2–15–05(A). When operating in or through Ohio, the motor carrier shall maintain in each of its motor vehicles a copy of the registration receipt, indicating that required fees for Ohio have been paid. Ohio Adm.Code 4901:2–15–05(E).

■ Application of Ohio Adm.Code 4901:2–15–05(E) is limited by definition to motor carriers operating in Ohio pursuant to interstate authority and accordingly only such carriers are required to maintain a copy of the registration receipt in the motor vehicle. Pursuant to Subchapter II of Chapter 105 of the Interstate Commerce Act, Section 10521(a)(1), Title 49, U.S.Code, the ICC has

jurisdiction over motor carrier transportation in interstate commerce. It is well established that a shipment's "essential character" determines whether transportation between two points in a single state is interstate or intrastate. See *Merchants Fast Motor Lines, Inc. v. Interstate Commerce Comm.* (C.A.5, 1993), 5 F.3d 911, 917; *Hays Home Delivery Serv., Inc.,* MC-C-30219 (Nov. 15, 1994). The fixed and persisting intent of the shipper at the time of the shipment is the critical factor in determining the shipment's essential character. *Id.* A break in transit in the state of origin does not automatically change the interstate nature of the movement. See *State Corp. Comm. v. Bartlett & Co. Grain* (C.A.10, 1964), 338 F.2d 495.

In the instant case, the testimony of both the investigator and the defendant indicates that the destination on the bill of lading was Monroe, Michigan. The defendant's testimony further indicates that the shipper used Utica Transport, the defendant's employer, to transport the cylinders from Mt. Vernon to Toledo where they would be treated and thereafter soon transported to the Michigan destination. The ultimate destination of the particular shipment of cylinders at issue was apparently known at the time of the first leg of the transportation by defendant and is evidence of the shipper's intent to move the cylinders beyond Toledo. In addition, the fact that the two legs to which defendant refers were not separately billed is evidence of the through character of the movement.

█ When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Upon a complete review of the record, we find that there was sufficient evidence from which the trial court could convict the defendant under R.C. 4921.32 for the PUCO rule violation.

Accordingly, the defendant's sole assignment of error is overruled, and the conviction and fine of the trial court are affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.